

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

February 14, 2011

Leslie Feldman-Rumpler, Esq.
Law Office of Feldman-Rumpler
101 Tremont Street, Suite 708
Boston, MA 02108

> Re:   **United States v. Louis Paris, Criminal No. 09-10058-NG**

Dear Attorney Feldman-Rumpler:

   This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Louis Paris ("Defendant"), in the above-referenced case. The Agreement is as follows:

   1.   <u>Change of Plea</u>

   At the earliest practicable date, but in no event later than February 14, 2011, Defendant shall plead guilty to Count Two in which he is named in the above-referenced Indictment, which charges him with armed bank robbery on or about June 16, 2008, in violation of 18 U.S.C. § 2113(d). Defendant expressly and unequivocally admits that he committed the crime charged in Count Two of the Indictment, did so knowingly and intentionally, and is in fact guilty of that offense. In particular, Defendant admits the following facts:

   (a)   On or about June 16, 2008, in Woburn, Massachusetts, Defendant and his co-defendant, Frank Wallace, intentionally took money from the person or presence of employees of Citizens Bank at 331 Montvale Avenue in Woburn;

   (b)   Defendant took such money by means of force and violence and by intimidation;

   (c)   the money, which totaled $21,632.90 more or less, belonged to, and was in the care, custody, control, management and possession of said Citizens Bank,

the deposits of which were then insured by the Federal Deposit Insurance Corporation; and

(d)   in committing the foregoing offense, Defendant and Wallace did assault and put in jeopardy the lives of other persons by the use of a dangerous weapon.

2.   Penalties

Defendant faces the following maximum penalties: incarceration for a period up to 25 years; supervised release for a period up to 5 years; a fine of $250,000; a mandatory special assessment of $100; and restitution in the amount of $21,632.90.

3.   Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines promulgated thereunder. The Sentencing Guidelines are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine. In imposing the sentence, the Court must consult and take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

With respect to the United States Sentencing Guidelines ("USSG"), the parties agree that:

(a)   In accordance with the Statutory Index at Appendix A and USSG § 2B3.1, Defendant's Base Offense Level is 20;

(c)   In accordance with USSG § 2B3.1(b)(1), Defendant's Offense Level is increased by 2 levels because the property of a financial institution was taken;

(d)   In accordance with USSG § 2B3.1(b)(2)(D), Defendant's Offense Level is increased by 4 levels because a dangerous weapon was otherwise used (pointed at tellers while threatening statements were made);

(e)   In accordance with USSG § 2B3.1(b)(7), Defendant's Offense Level is increased by 1 level because the loss exceeded $10,000 but was less than $50,000;

(f)   The Defendant has 8 criminal history points, yielding a Criminal History Category ("CHC") of IV; and

(g)   In light of the foregoing Guideline calculations, upon Defendant's acceptance of responsibility in this matter, Defendant will face a Guidelines Sentencing Range ("GSR") of **77-96** months' imprisonment (based on a Total Offense Level of 24 and a CHC IV).

2

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to USSG §4A1.3 should any of Defendant's prior state convictions be vacated or Defendant's Criminal History Category otherwise changes after his indictment in this case. Thus, for example, the U.S. Attorney may contend that an upward departure under §4A1.3 is appropriate if a state-court conviction that existed at the time of Defendant's indictment is vacated and that vacation alters Defendant's Criminal History Category.

In the event Defendant contends that there is a basis for departure from, or a sentence outside, the otherwise applicable Sentencing Guideline range based on his medical, mental and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and her experts (including medical personnel of the Bureau of Prisons) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in his possession. In addition, Defendant will authorize his care providers to discuss his condition with the U.S. Attorney and her agents (including medical personnel of the Bureau of Prisons), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including medical personnel of the Bureau of Prisons).

The U.S. Attorney reserves the right to oppose Defendant's argument(s) for a departure or a sentence outside the Guidelines under the factors set forth in 18 U.S.C. §3553(a).

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under USSG §3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under USSG §3E1.1 if, at any time between Defendant's execution of this Agreement and sentencing, Defendant:

    (a)    Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit his conduct in the offense of conviction;

    (c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

    (d)    Fails to provide truthful information about his financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

    (f)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

(g)     Intentionally fails to appear in Court or violates any condition of release;

(h)     Commits a crime;

(i)     Transfers any asset protected under any provision of this Agreement; or

(j)     Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG §3C1.1 if Defendant obstructs justice after date of this Agreement.

4.      Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the Court:

(a)     a term of imprisonment of 77 months' imprisonment (the low end of the GSR as calculated by the parties), and in any event, no less than 77 months' imprisonment should the final GSR as calculated by U.S. Probation and/or the Court differ from that as calculated by the parties;

(b)     a fine at the low-end of the Sentencing Guideline range as calculated by the Court at the time of sentencing, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c)     3 years of supervised release;

(d)     mandatory special assessment in the amount of $100; and

(e)     restitution in the amount of $21,632.90.

5.      Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.     Protection of Assets for Payment of Restitution and/or Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

(a)     Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $21,632.90;

(b)     Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom he owes a legal duty of support, so long as such assets do not exceed $21,632.90 per month; and

(c)     Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until any fine and/or restitution ordered by the Court at sentencing is satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7.     Waiver of Rights to Appeal and to Bring Collateral Challenge.

(a)     Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence on direct appeal. Defendant also understands that he may, in some circumstances, be able to argue that his conviction and/or sentence should be set aside or reduced in a collateral challenge, such as pursuant to a motion under 28 U.S.C. §2255 or 18 U.S.C. §3582(c).

(b)     Defendant waives any right he has to challenge his conviction on direct appeal or in collateral challenge.

(c)     Defendant agrees that he will not file a direct appeal nor collaterally challenge any imprisonment sentence of 77 months or less. This provision is binding even if the Court employs a Guidelines analysis different from that set forth in this Agreement.

(d)     The U.S. Attorney likewise agrees that, regardless of the analysis employed by the Court, the U.S. Attorney will not appeal any imprisonment sentence of 77 months or more.

5

8. <u>Other Post-sentence Events</u>

    (a)    In the event that, notwithstanding the waiver provision of Paragraph 7(c), Defendant appeals or collaterally challenges his sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court (in addition to arguing that any appeal or collateral challenge is waived as a result of the waiver in Paragraph 7).

    (b)    If notwithstanding the waiver provision of Paragraph 7(c), Defendant seeks re-sentencing, he agrees that he will not seek to be re-sentenced with the benefit of any change to the criminal history category that the Court calculated at the time of Defendant's original sentencing, except to the extent that he has been found actually factually innocent of a prior crime. Thus, for example, Defendant will not seek to be re-sentenced based on the set aside of a prior state-court conviction that occurs after sentencing unless he has been found actually factually innocent of that prior crime.

    (c)    In the event of a re-sentencing following an appeal from or collateral challenge to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from the Sentencing Guidelines and a sentence outside the Sentencing Guidelines if, and to the extent, necessary to reinstate the sentence advocated by the U.S. Attorney at Defendant's initial sentencing pursuant to this Agreement.

9. <u>Court Not Bound by Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the Court declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the Court declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any subsequent appeal or collateral challenge.

10. <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

11.     <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in Paragraph 1 of this Agreement.

12.     <u>Rejection of Plea by Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

13.     <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, irrespective of whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this Agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by Defendant, and any information, materials, documents or objects which may be provided by Defendant to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

14.     <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

15.     <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Lisa M. Asiaf.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: _____
JAMES F. LANG
Chief, Criminal Division

8

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter  in its entirety and discussed it with my attorney.  I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them.  I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial.  I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

LOUIS PARIS
Defendant

Date: 2-14-11

I certify that Louis Paris has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Leslie Feldman-Rumpler, Esq.
Attorney for Defendant

Date: 2-14-11

9